## G. H. HOCKING v. HOWARD INSURANCE CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF SOMERSET COUNTY.

Argued October 15, 1889—Decided November 4, 1889.
[To be reported.]

(*a*) A policy of fire insurance provided that should any action be commenced upon the policy after the expiration of twelve months, "the lapse of time shall be taken as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

(*b*) Judgment had been obtained in a former action upon the policy, between the same parties and for the same cause, which judgment on writ

of error was reversed upon the ground that the action, having been brought within sixty days after submitting the proofs of loss, was premature.

1. A second action upon the policy, commenced more than twelve months after the loss, but within twelve months after the judgment of reversal, was not within the purview of § 2, act of March 27, 1713, 1 Sm. L. 76, limiting the time of bringing a second action after the reversal of a first.

2. The limiting condition of the policy was not waived by the fact that the issue upon which the former judgment was reversed was not raised in the pleadings in that case when it should have been, so as to permit the plaintiff to discontinue and bring a new action within the twelve months.

3. The rule that any act which tends to mislead the plaintiff will be held to be a waiver of such a condition, will not apply with the same strictness after suit has been brought and the parties are dealing at arms length, when more positive evidence of actual misleading will be necessary to create an estoppel.

4. Nor will the facts that in the former action the sufficiency of the proofs of loss was denied by the defendant and not established until the decision of the cause, and that the second action was brought within a year from that decision, relieve the plaintiff from the limitation provided in the contract.

Before ˚PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 94 October Term 1889, Sup. Ct.; court below, No. 157 December Term 1887, C. P.

On November 21, 1887, George H. Hocking brought assumpsit against the Howard Insurance Company of New York, to recover upon a policy of insurance for $2,000 against loss and damage by fire, dated March 24, 1884, for a certain building and contents in Meyersdale. The defendant pleaded non-assumpsit.

At the trial on December 21, 1888, the plaintiff put in evidence the policy of insurance upon which suit was brought. This policy provided that the loss should be payable sixty days after the same was ascertained to be within the terms of the policy and satisfactory proofs thereof were received, and it contained, inter alia, the following condition:

" 10. This company hereby limits its liability under this policy, and it is hereby expressly provided, that no suit or action against this company, for the recovery of any claim by virtue

of this policy, shall be sustainable in any court of law or chancery, until after an appraisal shall have been obtained, fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next after the fire shall have occurred; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The plaintiff then followed by putting in evidence the notice of loss and the proofs of loss, submitted to the company on March 28, 1885, showing the total destruction by fire of the property insured on the night of December 4, 1884. The value of the property destroyed was also shown. The plaintiff then put in evidence the record of the case of George H. Hocking v. Howard Insurance Company of New York, to No. 56 September Term 1885, C. P. This record showed that on April 17, 1885, a summons was issued in a suit for the same loss upon the same policy; that an alias writ issued June 1, 1885; that on October 8, 1886, a verdict was rendered for the plaintiff for $2,201.32; that judgment was entered on the verdict on November 30, 1886, and that, on writ of error to the Supreme Court to No. 173 January Term 1887, the judgment was reversed by opinion filed March 7, 1887, CLARK, J.: Howard Ins. Co. v. Hocking, 115 Pa. 415. The plaintiff then rested.

The defendant company offered no testimony, but requested the court to instruct the jury:

1. That this action was not brought within the time required by the terms and conditions of the policy on which it was founded, and the verdict must be for the defendant.[3]

The court, BAER, P. J., reserving the question of law raised by the defendant's point, instructed the jury that " the company having insured the property for $2,000, and having also had notice of total loss, and the evidence being that the property was worth more than the face of the policy, and there being no question as to the time of the maturity of the insurance, it will be your duty to give a verdict for the plaintiff for $2,428, the face of the policy with interest."

The jury returned a verdict as directed, when the defendant

moved the court to enter judgment for the defendant, non obstante veredicto, on the question of law reserved.[4]

On March 9, 1889, the court BAER, P. J., filed the following opinion:

On December 21, 1888, the jury returned a verdict for the plaintiff for $2,428. The defendant's counsel submitted a point; "that this action was not brought within the time required by the terms and conditions of the policy on which it is founded, and the verdict must be for the defendant." The defendant moved for judgment non obstante veredicto. The evidence at the trial was undisputed as to the merits of the cause, and no question on defence was raised, except that indicated by the point.

A previous suit for the same alleged cause of action had been instituted on April 17, 1885, returned tarde venit, and followed by an alias summons on June 1, 1885. The issues joined were on the pleas of non-assumpsit, payment with leave, and set-off, accompanied with notice of special matter, alleging: (1) Misrepresentation as to ownership; (2) Excessive loss claimed of $295; (3) Failure to make proofs of loss as required by the terms of the policy; that the fire occurred on December 4, 1884, and proofs of loss were filed on March 28, 1885. The affidavit of defence set forth: (1) Misrepresentation as to ownership; (2) That the claim of loss was excessive by $295; (3) That proof of the alleged loss was not made as required by the policy; that the fire occurred on December 4, 1884, and proofs of loss were not made until March 28, 1885; nor did plaintiff state how the fire originated.

The question that there was no cause of action was not raised until the points were submitted. The point then submitted was, substantially, that the right of action had not yet accrued, as under the policy the defendant company had sixty days after proof of loss within which to pay.

It is not denied that the defendant company had sixty days under the terms of the policy, after proof of loss, etc., to make payment; and it is good law that a cause of action must exist before suit brought, and that it does not accrue until such a state of things exists as will enable a suit to be maintained. The fire caused a total loss, and immediate notice was given

after the fire, which occurred December 4, 1884; proofs of loss were furnished March 28, 1885. The court below, when the cause was tried, looked at the face of the pleadings, the affidavit of defence filed, observed the manner of the trial up to the time of submitting points, considered the evidence, and, regarding its own rules of pleading as it understood them, thought the condition precedent, which required the plaintiff to wait sixty days after proof of loss before suing, was waived, and therefore held, amongst other things, that the suit was not premature.

Our rules of pleading, at § 171, provide, " that in actions of assumpsit the plea of non-assumpsit shall operate only as a de-nial in fact of the express contract or promise alleged, or of the matters of fact from which the contract or promise may be implied by law, and all other defences must be specially plead-ed." We are aware that the courts hold that the effect of a plea of non-assumpsit is to put the plaintiff to proof of his whole case, and entitles the defendant to give in evidence any-thing which shows that at the time the action was commenced, the plaintiff, ex æquo et bono, should not recover. It then seemed to us on the face of the pleadings, affidavit, evidence and manner of trial, that nothing appeared which, ex æquo et bono, should relieve the defendant.

On removal to the Supreme Court this court was reversed on the sole ground that the action was premature. The rulings on the real merits were, it seems, sustained. Whether, if the court above had their attention called to the matters herein suggested, the ruling would be the same, is now an immaterial question. Whether, from analogy to the rules that require statutes of limitations to be pleaded, the defence that the action had not yet accrued, should, after the plea of special matter had been filed, also have been pleaded, or deemed waived, so as to have afforded the plaintiff an opportunity, if he could, to show that such a defence was avoided by a waiver, or, if the plea were deemed fatal, afford him an opportunity to suffer a nonsuit, and institute a new suit before the conventional limitation fixed by the policy expired, is not now a question. A new suit was brought on November 21, 1887, less than a year after the reversal of the judgment, but more than a year from the date of the fire ; and the question now is, was this second

suit instituted too late, by reason of the contractual limitation of the policy? The reserved point denied the right of action, as more than twelve months since the fire had expired.

As the former action was premature, a strict construction of the contractual limitation would warrant an affirmance. The authorities are clear that such a limitation in a contract of insurance is valid. The plaintiff, however, interposes the second section of the act of March 27, 1713, known as the statute of limitations, which provides that, if, " in any of the said actions, or suits, judgment be given for the plaintiff, and the same be reversed by error, . . . . . a new suit may be brought within a year after such judgment reversed; " and argues that, by analogy, a case arising under a contractual limitation must be governed by the same principles as apply in cases of limitation by statute. As against this view the defendant argues, that as the plaintiff had no cause of action when the first suit was brought, he is not within the equity of the statute, even if the limitation now set up were by statute and not by contract. A limitation by statute is arbitrary and peremptory, admitting of no excuse for delay except as recognized by the statute itself, or coming within the equity of it; whereas a limitation by contract is to be governed by the principles governing contracts, and is, therefore, more flexible in its nature. As forfeitures are not favored in law, slight evidence of waiver will be deemed sufficient to estop the defendant. By the affidavit of defence and the pleadings, the defendant alleged in the former case " that the plaintiff had failed to make proof of loss as required by the policy." He therefore denied that such proof of loss had been given as would at any time support an action. That the proof of loss was sufficient under the policy on March 28, 1885, was only and first established when the Supreme Court on March 7, 1887, ruled the case, sustaining the court below except as to the action's being premature.

This suit having been brought within a year from that time, should the defendant now, for the purpose of defeating a meritorious claim, notwithstanding its former denial that a sufficient proof of loss had been furnished according to the terms of the policy, be permitted to allege that in point of fact it had been furnished, in accordance with the requirements, at the time plaintiff alleged in his former suit? One clause in

the limitation is, that "the lapse of time shall be taken and deemed conclusive evidence against the validity of such claim." This seems to indicate the spirit and purpose of the limitation to be the barring of suits for stale claims, claims made doubtful, or first presented after witnesses have passed away and evidence is lost. Numerous cases were cited to show that the operation of the statute is prevented by the commencement of a new suit within a reasonable time, and that this, when not regulated by statute, is ordinarily understood to be one year, this period having been adopted from the analogy of the statute of 1713. True, in the cases cited, the cause of action existed at the issuing of the writ, whereas in this case the court above held that the plaintiff had a claim, though the right to sue did not then exist.

The plaintiff's demand in this second suit is precisely the same as in the first; the only difference is that he had no cause of action on the demand of the first, whereas at the second he has. He obtained a judgment in his first suit, and it was reversed. If the limitation were by statute, it would be within the act of 1713, as we view it.

In the light of the contractual limitation; the litigation of the first suit; the denial there that proofs of loss had been furnished as required by the policy; the judgment of the Supreme Court, reversing the court below on the only ground that the suit was premature, thereby affirming the ruling below on the merits, and thereby, at that date, first establishing the fact that the proofs of loss were sufficiently in accord with the requirements of the policy; the vigilance of the plaintiff in pursuing his claim, even though he erred as to time of suing out his first writ, and the bringing of this suit within one year from the date of the reversal of the judgment by the Supreme Court; and not being free from doubt in this case, we are constrained to hold the company defendant to a performance of its contract according to the spirit of it, if not the letter, and leave a higher tribunal to relieve it from paying a meritorious claim, if we have erred.

The motion for a new trial is now dismissed, and judgment is ordered to be entered on the verdict as found by the jury.

Judgment having been entered on the verdict in favor of

the plaintiff, the defendant took this appeal, assigning as error, inter alia :

3. The refusal of the defendant's point.[3]

4. The refusal of the defendant's motion.[4]

*Mr. W. H. Koontz*, for the appellant :

It is well settled that a stipulation in a policy of insurance as to the time within which suit is to be brought upon it is binding upon the parties, and that no action can be maintained on the contract unless commenced within the period limited : 2 Chitty on Cont., 1214 ; North W. Ins. Co. v. Oil & Candle Co., 31 Pa. 448 ; Farmers Ins. Co. v. Barr, 94 Pa. 345 ; Waynesboro Ins. Co. v. Conover, 98 Pa. 384 ; Universal Ins. Co. v. Weiss, 106 Pa. 20 ; Riddlesbarger v. Insurance Co., 7 Wall. 386. It is submitted that there was error in the rulings of the court below, for the following reasons :

1. Section 2, act of March 27, 1713, 1 Sm. L. 76, has no application whatever to the case. The limitation provided by the contract stands outside of and is independent of the statute, and is not controlled by it. It has been repeatedly ruled that the contract limitation is binding upon the parties: cases, supra. How then can the statute give vitality to a claim when it is barred by a contract which says expressly: " The lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding ? " See Wilkinson v. Insurance Co., 72 N. Y. 499 (28 Am. Rep. 166) ; Arthur v. Insurance Co., 78 N. Y. 462 (34 Am. Rep. 550) ; Riddlesbarger v. Insurance Co., 7 Wall. 386.

2. But even if the statute did apply, it could not avail the plaintiff. The second section of the act of 1713 means that if a suit is brought when there is an existing cause of action, and the judgment is reversed, then " in the said action " the time is extended one year, but it never could have been intended to extend the time of limitation one year in a case where no right of action existed when suit was brought, which was the case here : Howard Ins. Co. v. Hocking, 115 Pa. 415. The plaintiff having had no right of action when the former suit was instituted, the statute cannot give vitality to that which had no life at the start. The case now stands as though

no prior suit had ever been brought: Harris v. Dennis, 1 S. & R. 236.

*Mr. A. H. Coffroth* and *Mr. W. H. Ruppel*, for the appellee:

1. "The condition," relied upon, "like all others intended for the benefit of the insurers, may be waived by them; and, as the condition is a harsh one, in its bearings on the insured, and works a forfeiture when upheld, the courts will not require stringent evidence in order to defeat its application. A positive act of the company intended to induce postponement is not necessary. And when the evidence upon this point is conflicting, waiver is a question for the jury:" May on Insurance, 589; Coursin v. Insurance Co., 46 Pa. 323. In the former suit, the case was at issue within the twelve months from the fire, and had the pleadings raised the question on which the case was finally decided, the plaintiff could have taken a nonsuit and commenced another action: Ames v. Insurance Co., 14 N. Y. 253. "Courts do not sit to catch parties in legal traps:" Lingenfelter v. Coal & Iron Co., 84 Pa. 328.

2. Next, we claim the protection of § 2, act of March 27, 1713. Is not our case within the express provisions of this act? Had the policy in suit contained no limitation clause, the first section of the act of 1713 would have governed the parties; but they have agreed upon a substitute for the first section, without interfering with the second section; and the case stands, by the contract, as though the limitation in the first section were changed from six years to one year, leaving the contingency provided for in the second section unaltered. That contingency has arisen in this case, and we ask that the benefit conferred by the act be not withheld from us.

3. But if not expressly protected by this act, then, by analogy we are entitled to a construction which will extend its provisions to this case: Schlosser v. Lesher, 1 Dall. 411; Ebersoll v. Krug, 5 Binn. 51; Downing v. Lindsay, 2 Pa. 382; Harris v. Dennis, 1 S. & R. 236; Reid v. Geoghehan, 1 M. 204, are cited as showing that the courts of this state, for over a hundred years, have uniformly extended the provisions of § 2 of the act of 1713 to cases not expressly enumerated, and to all cases, even not within the purview of the act, where equity and fair dealing could properly be urged. This question has

Opinion of the Court.

been raised in this court but once before, so far as we know, in Keystone M. B. Ass'n v. Norris, 115 Pa. 446. From the opinion of Mr. Justice GORDON in that case, we infer that had the original suit been instituted in a court having jurisdiction, the court below would have been sustained. And see Semmes v. Insurance Co., 13 Wall. 158; Woodbury S. Bank v. Insurance Co., 31 Conn. 517.

OPINION, MR. JUSTICE MITCHELL:

The validity of the special agreement as to the time of bringing any action on the policy is conceded: Farmers Ins. Co. v. Barr, 94 Pa. 345; North W. Ins. Co. v. Oil & Candle Co., 31 Pa. 448; Waynesboro Ins. Co. v. Conover, 98 Pa. 384; Universal Ins. Co. v. Weiss, 106 Pa. 20. It follows, therefore, that the statutes of limitation do not apply. The very object and spirit of the agreement are to exclude the operation of the statute which would otherwise govern. And in the present case the exclusion is so clear and express that nothing short of an entire disregard of the language used can escape it: " It is hereby expressly provided that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery . . . . . unless such suit or action shall be commenced within twelve months next after the fire shall have occurred; and, should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding." The words are, not that " no first action " shall be sustainable, but " no action ; " and in the face of these words, and the concluding clause, " any statute of limitation to the contrary notwithstanding, " we regard the argument that the case is within the purview of the second section of the act of March 27, 1713, relative to the bringing of a second action within a year after a reversal of the first, as entirely irrelevant. The statute is expressly excluded from operation, the second section as much as the first, and the rights of the parties must be determined without reference to it.

This conclusion is too clear on general principles to require fortification, but there are high authorities very closely in point.

In Wilson v. Insurance Co., 27 Vt. 99, Chief Justice REDFIELD says: " The stipulation . . . . . is that no recovery shall be had unless such action shall be commenced," etc. " Such action can only signify the action in which the recovery is sought. That must be this action, and all actions in which a recovery is claimed. And there is no provision for any exception on account of the failure of any such actions. . . . . Statutes of limitation would be subject to no such exception, unless by the express terms of the statutes. That a party was driven to a nonsuit in his former suit is no excuse for not bringing a suit before the cause of action is barred by statute, or by the terms of the contract, unless such an exception is contained in the act of limitation."

Riddlesbarger v. Insurance Co., 7 Wall. 386, is a case almost identical with the present. There, the statute of limitations of Missouri provided that if, in any action commenced within the statutory period, the plaintiff should suffer a nonsuit, he might commence a new action within one year; but the Supreme Court of the United States held that this provision did not prevent the bar of the agreement. " The rights of the parties," says FIELD, J., " flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also." To the same effect are Wilkinson v. Insurance Co., 72 N. Y. 499, and Arthur v. Insurance Co., 78 N. Y. 462.

It being admitted that the present action was not brought within the stipulated twelve months, it is incumbent on the plaintiff to show some escape from the agreed limitation. Two grounds have been argued with much ingenuity, both depending upon a former action between the same parties. That action was brought within sixty days of the furnishing of proofs of loss, and was therefore held by this court to be premature : Howard Ins. Co. v. Hocking, 115 Pa. 415. It is now argued, first, that the issue upon which that action was finally decided against plaintiff was not raised in the pleadings when it should have been, so as to afford plaintiff an opportunity to discontinue, and bring a new suit after the sixty days, and still within the stipulated twelve months, but was held back by the defendant until the trial, after the twelve months had elapsed, and therefore that the limitation should be treated as waived. It

is undoubtedly true that any act which tends to mislead the plaintiff, while parties are dealing on friendly terms, to avoid litigation, will be held to be evidence of a waiver of such a limitation as the present; but after suit has been brought, and the parties are dealing at arms length, the rule does not apply with the same strictness, and much more positive evidence of actual misleading, if not of intent to mislead, is necessary to prove a waiver by estoppel. A defendant, ordinarily, is only bound to make such defence as he thinks sufficient for the pending action. If he chooses to omit some special defence, he may do so, and take the risk that if he fails on the others, he has thus lost his chance on the omitted ground, but, if he succeeds, he still has it in reserve, in case of a second action. Experience in actions of ejectment affords ample illustration of this practice. In the former action between these parties, the defendant made its defence partly on the ground that the action was premature. The plaintiff, on the other hand, brought and pursued his action on the ground that, as the insurance was on a single building, his notice of a total loss was sufficient, and the sixty days had elapsed between such notice and the suit. Each party stood upon his own view of the law, and this court sustained the defence. We fail to see in this anything that can be considered a waiver of the limitation in favor of the present action.

Secondly, it is argued that the sufficiency of the proofs of loss, having been denied by the defendant in the former action, was not really established until the decision of this court; and, as the present action was brought within a year from that decision, it should be held to be within the agreement, by that equity of construction which dates the commencement of the period of limitation from the time a right of action could first accrue, notwithstanding the agreement itself names the date of the fire as the starting-point. See Wood on Insurance, § 469. The argument is extremely ingenious, but it is hardly necessary to go into the question of the equitable construction appealed to. The contention must fail for the same reason as the preceding one. It is true that the sufficiency of the proofs of loss was, in a certain sense, not established until the decision of this court; but the same may be said of every disputed point in every litigation. The parties stood upon their respective views of the

law, and on this point the decision was in plaintiff's favor, but what it decided was the rights of the parties as of the date of the writt. That the decision did not save the plaintiff's action was his misfortune, but it certainly did not give him a new starting-point for his period of limitation under the agreement, any more than it would have done so under a statute, had the statutory period been fully run when the court held the first action premature.

It may be hard for the plaintiff to lose his case on this single point, after an apparent victory on the merits; but his agreement is explicit and unavoidable, and to sustain this action in the face of it would be to substitute a new contract for the one which the parties have lawfully made for themselves. That is not the duty or the province of courts.

The defendant's point should have been affirmed, and verdict directed for defendant.

Judgment reversed.