McMeekin *v.* Prudential Insurance Company of America, Appellant.

Argued January 11, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused April 10, 1944.

*Kendall H. Shoyer,* with him *Andrew C. Dana* and *Frank A. Weidknecht,* for appellant.

*J. Kennard Weaver,* with him *Wilhelm F. Knauer,* for appellee.

OPINION BY MR. JUSTICE HUGHES, March 20, 1944:

In an action of assumpsit to recover, among other claims, total and permanent disability benefits on two policies of insurance issued by the Prudential Insurance Company of America on the life of Bowman M. McMeekin, a jury found for the plaintiff in the sum of $27,571.00. The defendant moved for a new trial and judgment non obstante veredicto.

Bowman M. McMeekin became totally disabled on November 7, 1930, of which proper notice and proofs of claim were submitted to the company on February 20, 1931. In April, 1931, a duly authorized representative of the defendant company advised the plaintiff that the company did not refuse to pay the disability payments, but wished time to ascertain whether the total disability was permanent, and when so determined they would make the disability payments from the time he became totally and permanently disabled. The plaintiff states: "Well, I relied on these statements made by Mr. Clayton Perry, because to the best of my knowledge and belief, and based on written information I had from the home office of The Prudential Insurance Company, he was their appointed representative who was to explain to me their stand relative to my claim for disability." (See *Arlotte et al. v. National Liberty Insurance Company,* 312 Pa. 442, 167 A. 295.)

On September 25, 1941, McMeekin wrote to the defendant company concerning the cash surrender value of his policies, and the company directed their agent to call on McMeekin. At that conference the agent told McMeekin that if the company had not been paying him disability payments "there certainly must be some mistake or misunderstanding, because you are entitled to it" and "that eventually he felt sure the company would render a decision in my case." The plaintiff, hearing nothing further from the company, on June 26, 1942, entered this suit and, after trial, a verdict was returned covering disability payments due from the time of proof of disability to the entry of suit, with interest thereon.

The first complaint of appellant is that it should have been allowed at the trial to amend its affidavit of defense to include abandonment by the plaintiff of any claims he might have for disability under his policies. Although the court reserved this question at the start of the trial, he allowed all of the evidence concerning abandonment to go into the record. At a further discussion of the subject, it was agreed that, regardless of the amendment, the jury should pass on the facts of the case and if the verdict was for the defendant, the question would not arise, but if the verdict was for the plaintiff, "it may be taken away from him, if your theory of abandonment has the total merit of the court. Therefore I come back to what I said. The Court understands that your objection as to the theory of abandonment goes to the entire case." To this, counsel for the defendant answered "Yes." Thereafter the case proceeded as though the amendment to the pleading had been allowed, and no objections were raised to evidence on this subject. The Court through his charge pointed out the delay of the plaintiff in bringing his suit and told the jury to consider it in connection with the plaintiff's claims. At the conclusion of the charge the Court asked counsel for "anything further,—any corrections, changes, amendments, supplements, modifications?" Counsel for de-

fendant stated, "You will recall we discussed in chambers the theory of abandonment and statute of limitations." And the trial judge replied, "I am leaving it all to the jury." Counsel asked for no further charge or ruling. Since the trial proceeded as if the amendment to the affidavit of defense had been allowed, the defendant was in no way harmed. After a trial on the merits, no defect of pleading, which could have been raised before trial, will be fatal to the judgment, unless it is shown to have injuriously affected the trial. See *Erie City Iron Works v. Barber et al.*, 118 Pa. 6, 19, 12 A. 411; *Stuart v. Line*, 11 Pa. Superior Ct. 345. If counsel for the defendant had desired further instructions to the jury or additions to the charge of the court on the question of abandonment, he could have availed himself of it when the court asked him if he had any complaints of errors or inaccuracies in the charge. Having remained silent in this respect, he cannot now be heard to complain: *Yago et al. v. Pipicelli*, 343 Pa. 222, 224, 22 A. 2d 699; *Stolpe et al. v. Duquesne City*, 337 Pa. 215, 220, 9 A. 2d 427; *Broomall v. Pennsylvania Railroad Co.*, 296 Pa. 132, 145 A. 703.

The defendant's claim of abandonment could have no merit under the facts of this case. The defendant does not deny that the plaintiff was asked to wait, but says he should have taken affirmative action on his claim. The company, after requesting time to consider the application and proof of claim, never notified the plaintiff that it had been rejected. It owed the insured good faith and prompt notification of objections to his claim and an opportunity to meet them: *Gould v. Insurance Co.*, 134 Pa. 570, 588, 19 A. 793; *O'Brien v. Sovereign Camp Woodmen of the World*, 122 Pa. Superior Ct. 39, 45, 184 A. 546. Since the failure of the insured to proceed was due directly to the request of the company for indulgence and the company's representations that it was investigating the claim, the company itself was the cause of non performance on the part of the insured and it can-

not prevent recovery on the ground of such non performance: *Nanty-Glo Borough v. American Surety Company,* 316 Pa. 408, 175 A. 536; *Arlotte v. National Liberty Insurance Company,* supra.

Another defense of the company is that the Statute of Limitations acted to bar that portion of the claim for disability payments, for which plaintiff recovered, beyond six years before the institution of this action. Most of the cases cited by appellant in its brief deal with situations where the company had definitely rejected the claim of the plaintiff, and his only course then open was to bring suit. Here we do not have at any time a rejection of the claim by the defendant company. The delay was due to the company's request for time as well as the character of their contract which required a certain amount of time to necessarily elapse in order to establish total and permanent disability[1] on account of the nature of the illness of the plaintiff. If in the course of the negotiations the company gave the plaintiff reasonable grounds for believing that the time limit would be extended or that such provision would not be strictly enforced, it could not subsequently insist on its strict enforcement without giving him a reasonable time thereafter to bring his action: *Sudnick v. Home Friendly Insurance Company,* 149 Pa. Superior Ct. 145, 153, 27 A. 2d 468. "If the company acted, and promised, after the action was legally barred, as if it did not intend to in-

---

[1] "DISABILITY BEFORE AGE 60: WAIVER OF PREMIUMS—MONTHLY INCOME TO THE INSURED.—If the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime, and if such disability shall occur at any time after the payment of the first premium on this Policy, while this policy is in full force and effect and the Insured is less than sixty years of age, and before any non-forfeiture provision shall become operative, the Company, upon receipt of due proof of such disability, will grant the following benefits:"

sist on the limitation, and put the party to trouble, expense and anxiety in regard to his claim, they need not complain of a jury finding that they did waive it. Under such circumstances, juries will be very likely to do so; and sometimes, probably, on pretty slight evidence. There is a long line of cases which hold that the waiver need not be express. It may be inferred from the acts of the insurers evidencing a recognition of liability, or even from their denial of obligation exclusively for other reasons.": *Bonnert v. Pennsylvania Insurance Company,* 129 Pa. 558, p. 563, 18 A. 552. "Prima facie, the insured is entitled to have his loss made good immediately upon its happening, and when that loss appears to be an honest one, we are not disposed to scan very strictly the evidence which tends to rebut a technical forfeiture of the right to payment.": *Pennsylvania Fire Insurance Company v. Dougherty,* 102 Pa. 568, 572. The insured had a right to rely on the representations of the authorized agents of the company sent to deal with him, and there was sufficient evidence from which the jury could properly conclude that the company waived its right to bar any of the instalments which the insured was justly entitled to receive under his policy.

The plaintiff contended that the representative of the company at the same time he waived the limitation of action also agreed to return the premiums paid subsequent to filing proof of disability. The company contends that since the jury found for the defendant on this phase of the case, it showed conclusively that part of the oral statement of the plaintiff was untrue and therefore "the remainder of the statement, allegedly made simultaneously, [cannot] support a verdict for plaintiff." This was fully answered in the opinion of the learned trial judge: "The attempt to tie the two together is not warranted. While an agreement for return of premiums had to be found to sustain a recovery of them, there need be no agreement to pay disability benefits; plaintiff's proof of total and permanent disability establishes his right to

them. Plaintiff did not assert an agreement to pay benefits, but a promise to consider and render a decision on his claim. He further asserted an agreement to return premiums if defendant's consideration was favorable to his claim; it turned out that it was not and he was forced to commence this suit. Since plaintiff's testimony did not show an agreement to pay back premiums in any event but only if the company favorably decided his claim, and this does not include a decision against defendant after lawsuit, the jury's finding was justified and not inconsistent."

Judgment affirmed.