346 A.2d 265

## The GENERAL STATE AUTHORITY, Appellant,

v.

## PLANET INSURANCE COMPANY, Appellee.

Supreme Court of Pennsylvania.

Argued May 20, 1974.

Decided Oct. 3, 1975.

Rehearing Denied Nov. 12, 1975.

John L. Sweezy, Asst. Gen. Counsel, Gen. State Authority, Michael A. Madar, Gen. State Authority, Harrisburg, for appellant.

James F. Carl, Metzger, Wickersham, Knauss & Erb by James F. Carl and Edward E. Knauss, III, Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On October 1, 1967, The General State Authority [The Authority] entered into a contract of insurance, through

the Pennsylvania Department of Property and Supplies [Department] as "broker",[1] with the Planet Insurance Company [Planet]. This policy was to insure a three-story stone structure known as St. John's Dormitory, against loss or damage by fire and extended coverage, to the extent of the actual cash value of the building for the term October 1, 1967, through October 1, 1970.

The building, located on the grounds of the Cresson State Hospital in Cresson, Cambria County, had been acquired in 1962 by The Authority from the Johnstown-Altoona Diocese of the Roman Catholic Church. Thereafter on August 11, 1962, The Authority leased this building to the Department under a thirty-year agreement. The Department then assigned its lease to the Pennsylvania Department of Public Welfare for the operation of a welfare facility.

On January 2, 1969, while the contract of insurance was in full force and effect, the Dormitory and its contents were totally destroyed by fire. However, The Authority was unaware of the loss until May 10, 1971, when an official of the Pennsylvania Department of Public Welfare informed The Authority's insurance coordinator concerning the fire. On May 11, 1971, The Authority gave Planet written notice of the loss and, on June 8, 1971, The Authority provided Planet with various fire reports and information pertaining to the claim. On September 29, 1971, Planet gave formal notice that it was denying all liability and payment on the claim by reason of The Authority's failure to meet certain time limitations set forth in the contract of insurance.

1. The Act of April 9, 1929, P.L. 177, art. XXIV, § 2404.1, added January 27, 1966, P.L. (1965) 1624, § 1, 71 P.S. § 634.1 provides: "The Secretary of Property and Supplies, ex officio, is hereby authorized and his duty shall be to transact business as a licensed insurance broker for the purpose of contracting all insurance and surety bonds for . . . the General State Authority . . . ."

Subsequently, on November 11, 1971, suit was commenced in the Commonwealth Court [2] by The Authority, to enforce the insurance policy. On March 2, 1973, the Commonwealth Court, in a per curiam memorandum opinion, entered judgment on the pleadings in favor of Planet because The Authority had failed to commence suit within twelve months after inception of the loss.[3] This appeal then followed.[4]

 The contract of insurance, a standard fire policy as required by law,[5] provided:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss".

The law is clear that such a clause, setting time limits upon the commencement of suits to recover on a policy, is valid and will be sustained.[6] *Fratto v. New Amster-*

2. Original jurisdiction was vested in the Commonwealth Court by the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. IV, § 401(a)(2), 17 P.S. § 211.401(a)(2) (Supp.1975–1976).

3. The Commonwealth Court also found that The Authority had failed to comply with the provisions of the policy concerning immediate written notice of loss and the furnishing of proof of loss within sixty days. Because we conclude The Authority is barred from recovery due to its breach of the "commencement of suit" provision, a resolution of these issues is unnecessary.

4. See the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 203, 17 P.S. 211.203 (Supp. 1975–1976).

5. See the Act of May 17, 1921, P.L. 682, § 506, added August 23, 1961, P.L. 1081, § 1, 40 P.S. § 636.

6. However, a provision of this nature may be extended or waived where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced. *Commonwealth v. Transamerica Insurance Company*, 462 Pa. 268, 341 A. 2d 74 (1975). See also *McMeekin v. Prudential Insurance Company of America*, 348 Pa. 568, 36 A.2d 430 (1944). Nor will such a provision be enforced where the insured's failure to comply is induced by the actions of the insurer. *Arlotte v. National Liberty Insurance Company*, 312 Pa. 442, 167 A. 295 (1933). Instantly,

*dam Casualty Co.*, 434 Pa. 136, 252 A.2d 606 (1969); Lardas v. Underwriters Insurance Co., 426 Pa. 47, 231 A.2d 740 (1967); *Abolin v. Farmers Amer. Mut. Fire Ins. Co. of Bucks County*, 100 Pa.Super. 433 (1930). See also *Commonwealth v. Transamerica Insurance Company*, 462 Pa. 268, 341 A.2d 74 (1975); *Selden v. Metropolitan Life Insurance Company*, 354 Pa. 500, 47 A.2d 687 (1946); *Watters v. Fisher*, 291 Pa. 311, 139 A. 842 (1927); 44 Am.Jur.2d, Insurance, § 1906. As noted by this Court in *Lardas v. Underwriters Insurance Co.*, supra, 426 Pa. at 51, 231 A.2d at 741–742, "This is not a statute of limitation imposed by law; it is a contractual undertaking between the parties and the limitation on the time for bringing suit is imposed by the parties to the contract."

■ Herein, there can be no dispute that The Authority instituted this suit beyond the policy's limitation period, a period which runs from the date of the occurrence of the destructive event or casualty insured against. See *Lardas v. Underwriters Insurance Co.*, supra; *Abolin v. Farmers Amer. Mut. Fire Ins. Co. of Bucks County*, supra. See also *Sager Glove Corporation v. Aetna Insurance Company*, 317 F.2d 439 (7th Cir. 1963); *Gremillion v. Travelers Indemnity Company*, 256 La. 974, 240 So.2d 727 (1970); *Proc v. Home Insurance Company*, 17 N.Y. 2d 239, 270 N.Y.S.2d 412, 217 N.E.2d 136 (1966); *Boyd v. Bankers & Shippers Insurance Company*, 245 N.C. 503, 96 S.E.2d 703 (1957); 24 A.L.R.3d 1007 § 16. Nevertheless, The Authority would have us excuse its noncompliance with the policy provision because of "the peculiar context of governmental relationships prevailing". The Authority contends its limited staff is so totally occupied with current construction administration, its primary function, that it is unable to keep completed projects under constant surveillance. Therefore, The Author-

The Authority makes no such contentions concerning the enforceability of the "commencement of suit" provision.

ity posits that, under these circumstances, the twelve month time limitation should be computed from the date it first became aware of the loss, i. e., May 10, 1971. Prior to this date, The Authority points out, there was no consciously realized option to commence litigation.[7]

A similar argument was advanced and rejected by the Seventh Circuit Court of Appeals in *Sager Glove Corporation v. Aetna Insurance Company*, supra. In *Sager* the insured property owner had suffered damage from various acts of vandalism occurring between February 1, 1953, and January 14, 1955. The damage, however, was not discovered until January 14, 1955. On January 12, 1956, the insured property owner brought suit against the insurer to enforce its claim. The contract of insurance contained a "commencement of suit" provision identical to that herein involved and the insurer, based on this provision, denied liability for those acts of vandalism which had occurred prior to January 12, 1955. The insured contended, however, that all damage was recoverable since it had commenced suit within one year after discovery of the damage. The Seventh Circuit upheld the insurer's position stating that the term "inception of the loss": "has nothing to do with the state of

---

7. The Authority relies upon *Thompson v. Equitable Life Assurance Society of United States*, 447 Pa. 271, 290 A.2d 422 (1972), to support this contention. Initially, we note that *Thompson* did not involve the interpretation of a contractual "commencement of suit" provision. Rather, it dealt with the bar of the six-year statute of limitations on contract actions in Pennsylvania. However, *Thompson* did set forth the rule peculiarly applicable to life insurance policies, necessitated by the existence of third person beneficiaries, that where such a beneficiary does not know of the *existence* of the policy until after the time limit stated in the policy has expired, he or she may still bring suit to enforce the policy provided: (1) he or she notifies the insurer at once after acquiring that knowledge, and (2) the lack of knowledge was without negligence or fault of the party seeking to be excused. Instantly, we are concerned with a fire insurance policy which, concededly, The Authority was aware of. Therefore, the equitable considerations present in *Thompson*, i. e., the innocent third party beneficiary, are not present here to support a belated commencement of suit.

mind of the insured. It deals with an objective fact . . . . The loss occurs and has its 'inception' whether or not the insured knows of it." *Sager Glove Corporation v. Aetna Insurance Company,* supra at 441. To the same effect see *Harris v. Hanover Fire Insurance Company,* 425 F.2d 1168 (5th Cir. 1970).

We adopt this reasoning. In so doing, we recognize the validity and binding nature of such "commencement of suit" provisions. However, we also recognize that if conduct or action on the part of the insurer is responsible for the insured's failure to comply in time with the conditions set forth, injustice is avoided and adequate relief assured by resort to traditional principles of waiver and estoppel.

Judgment affirmed.