**COMPAGNIE DES BAUXITES DE GUINEE, A corporation, Plaintiff,**

**v.**

**L'UNION ATLANTIQUE S.A. D'ASSUR-ANCES; Vesta (UK) Insurance Company; and Chiyoda Fire & Marine Insurance Co., Ltd., Tokyo, Defendants.**

**Civ. A. No. 82–1707.**

United States District Court,
W.D. Pennsylvania,
Civil Division.

Feb. 9, 1983.

Cloyd Mellott, Robert Doty, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for plaintiff.

---

Thomas Weis, David Beck, Weis & Weis, Pittsburgh, Pa., for defendants.

## OPINION

SIMMONS, District Judge.

Plaintiff Compagnie Des Bauxites de Guinee ("CBG") previously filed, in December, 1975, an action in this Court at Civil Action Number 75–1567 (W.D.Pa.1975), against the Insurance Company of North America, the three excess insurers named as defendants here, and numerous other excess insurers, under the business interruption provisions of an all risk policy of insurance to recover business interruption losses allegedly sustained as the result of the structural failure and collapse of a tippler building and crusherhouse.

In the suit filed at Civil Action Number 75–1567, the excess insurers raised as a defense the lack of *in personam* jurisdiction.

From 1976 through 1979, Plaintiff CBG attempted to procure through discovery at Civil Action No. 75–1567, information which would support its claim of *in personam* jurisdiction. After Defendants refused to produce information the Court ordered to be produced, after lengthy delay, and after several warnings, the Court, on August 5, 1980, imposed sanctions under Rule 37(b), *Fed.R.Civ.P.,* finding as a sanction that for the purposes of that litigation (Civil Action No. 75–1567) the excess insurers were subject to the *in personam* jurisdiction of the Court because of their business contacts with Pennsylvania. The imposition of sanctions on August 5, 1980 by this Court was appealed to the United States Court of Appeals for the Third Circuit, *see Compagnie Des Bauxites de Guinea v. Insurance Co. of North America, et al.,* 651 F.2d 877 (3d Cir.1981), which reversed this Court's determination that it had personal jurisdiction over Chiyoda Fire & Marine, Vesta, and L'Union, the named defendants in the above-captioned case, and affirmed this Court's finding of jurisdiction with respect to the remaining excess insurers. With respect to the three excess insurers herein involved, the Third Circuit stated:

Three of the excess insurers, Chiyoda Fire & Marine Insurance Co., Ltd., Vesta (UK) Ltd., and L'Union Atlantique S.A. D'Assurances, Brussels, complied with the discovery order by filing affidavits stating that they had issued no policies covering risks located in Pennsylvania or associated with either CBG or the Pittsburgh office of Marsh & McClennan. App. at 236a, 493a, 323a. The sanction imposed by the district court because of the other insurers' failure to produce the requested documents should not apply to these three companies. In addition, their contacts with Pennsylvania are simply inadequate to justify the exercise of personal jurisdiction pursuant to the Pennsylvania long-arm statute. The record discloses no evidence that these companies deliberately availed themselves of the privilege of doing business within the state, or indeed that they had any contacts that would justify a reasonable expectation of being haled into Court there. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 63 L.Ed.2d 490 (1980).

We therefore will reverse the district court's determination that it had personal jurisdiction over Chiyoda Fire & Marine Insurance Co., Ltd., Vesta (UK) Ltd., and L'Union Atlantique S.A. D'Assurances, Brussels and direct dismissal of the complaint with respect to them.

This holding of the Court of Appeals for the Third Circuit with respect to these three excess insurers was not disturbed by the United States Supreme Court which affirmed the Court of Appeals upon their consideration of the case. *See Insurance Corp. of Ireland, Ltd., et al. v. Compagnie Des Bauxites De Guinea,* —— U.S. ——, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

On August 12, 1982, the excess insurer defendants at Civil Action Number 75–1567 moved to amend the caption at Civil Action No. 75–1567 by removing Defendants Vesta, Chiyoda and L'Union Atlantique, in light of the Third Circuit's issuance on July 2, 1982 of an amended judgment in lieu of

formal mandate, affirming in part and reversing in part this Court's previous August 5, 1980 Order which found jurisdiction. The part reversed by the Third Circuit was this Court's previous holding that it had *in personam* jurisdiction over the excess insurer Defendants Vesta, Chiyoda, and L'Union Atlantique who are now the named Defendants in this new case now before this Court and involving the same subject matter. This Court in the old case (Civil Action No. 75–1567) granted Defendants' Motion to Dismiss on August 17, 1982, and on August 19, 1982, entered an order dismissing without prejudice Defendants Vesta, Chiyoda and L'Union Atlantique.

On August 18, 1982, Plaintiff CBG refiled the new action against Vesta, Chiyoda and L'Union Atlantique at the above-captioned Civil Action Number 82–1707, alleging the same factual background and identical claims previously alleged at Civil Action Number 75–1567.

Defendants filed a Motion to Dismiss and Amended Motions to Dismiss in this above-captioned case, contending that this Court does not have jurisdiction over the named Defendants, that the suit was not timely commenced in accordance with the contract of insurance, and the loss, if any, sustained by CBG did not result from the happening of a fortuitous event. For the reasons set forth hereinbelow, Defendants' Motions to Dismiss will be granted.

■ The decision of the Court of Appeals for the Third Circuit, ultimately affirmed by the United States Supreme Court, that these three named defendants had insufficient contacts with Pennsylvania to justify the exercise of personal jurisdiction was based on affidavits filed by the excess insurers. 651 F.2d at 886. Plaintiff CBG does not have available any additional evidence which in any way contradicts the affidavits previously filed. The jurisdictional arguments having been litigated previously in Civil Action Number 75–1567, they may not be relitigated again here. Res judicata does not permit further inquiry into the question of jurisdiction for the period of time prior to the filing of this very suit which was filed at Civil Action Number 82–1707. Plaintiff CBG contends that under Pennsylvania law it is entitled to institute this new suit within one year of the dismissal of the previous action. The relevant statute cited in support of this proposition is a savings statute, contained in 42 Pa.C.S.A. Section 5535, which reads as follows:

(a) Termination of prior matter.—

(1) If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

42 Pa.C.S.A. § 5535.

The Official Source Note to this section states that subsection (a) is substantially a reenactment of the Act of March 27, 1713, and Act of June 24, 1895.

In *Hocking v. Howard Insurance Co.*, 130 Pa. 170, 18 A. 614 (1889), an action was reinstituted on a policy of insurance within twelve months of a judgment of reversal. The policy of insurance involved therein contained a twelve month contractual statute of limitations, and the Pennsylvania Supreme Court held that the Act of March 27, 1713, the predecessor of the current 42 Pa.C.S.A. § 5535, did not apply where there was a contractual statute of limitation set forth in the policy of insurance. The *Hocking* case was cited with approval by the Supreme Court of Pennsylvania in *Fratto v. New Amsterdam Casualty Company*, 434 Pa. 136, 252 A.2d 606 (1969).

■ The contract of insurance upon which this litigation is based provides: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the

loss." Thus, according to the interpretation of the Pennsylvania Supreme Court, the savings statute contained in 42 Pa.C.S.A. § 5535 is inapplicable in the instant case since the contract of insurance in this case sets forth a specific time limitation of one year for actions on the policy to be brought. In this case the alleged Plaintiff's cause of action accrued on September 30, 1974, at the latest, and the complaint should have been filed on or before September 30, 1975.

Plaintiff contends that the savings statute is applicable since the Official Source Note indicates that subsection (a) of 42 Pa.C.S.A. Section 5535 is patterned after New York Civil Law and Rules Section 205, and the Courts of New York, in construing section 205, have held that it applies even where a limitation of actions provision is found in a contract.

We do not believe that the Pennsylvania legislature in substantially reenacting the prior acts, intended that New York's interpretation of the New York statute should control the Pennsylvania Supreme Court's unequivocal interpretation of the Pennsylvania statute in Pennsylvania. The Pennsylvania Supreme Court's clear rejection of the applicability of the savings statute to contractual statutes of limitation requires that this Court also reject it inasmuch as it is admitted by all parties that Pennsylvania law applies to this case now before this Court.

■ In any event, this action is identical to the same cause of action and claim previously filed by this Plaintiff at Civil Action Number 75–1567. This Court dismissed the action at Civil Action Number 75–1567 since the loss sustained, if any, did not result from the occurrence of a fortuitous event. Plaintiff's claim in the instant case must therefore be dismissed for the same reasons that the claim in Civil Action Number 75–1567 was dismissed. This Court hereby adopts as controlling in this case, i.e., Civil Action Number 82–1707, the Opinion and Order previously filed by this Court

on January 18, 1983 at Civil Action Number 75–1567. A copy of the Opinion and Order in Civil Action Number 75–1567, dated January 18, 1983, is marked as Exhibit A to this Opinion and is hereby incorporated and made a part hereof by reference.*

Defendants' Motion to Dismiss and Amended Motions to Dismiss as heretofore filed in this case will therefore be granted, and an appropriate order will be entered.

---

* Exhibit A, which can be found at 554 F.Supp. 1080, has been deleted for publication pur-