## Gray v. Nationwide Insurance Co.

*George Micacchione,* for plaintiffs.
*Lee A. Montgomery,* for defendant.

CAIAZZA, *J.,* February 15, 1993—This case appears before the court on a motion for summary judgment filed by the defendant, Nationwide Insurance Co.

The record in its present form reveals that a fire occurred to the plaintiffs' residence on January 19, 1989. At that time, the plaintiffs were insured by an insurance policy issued by Nationwide Insurance Co., which included the following provision:

"No action can be brought unless there has been compliance with the policy provisions, and the action is started within one year after the date of loss or damage."

See section I, Conditions, page 9, paragraph 7, Policy of Insurance, Exhibit 2, appended to answer and new matter.

Because of the apparent failure of the defendant to provide payment pursuant to the terms of the insurance policy, the plaintiffs filed a writ of summons on January 17, 1992.

The defendant contends that the plaintiffs' action is barred by the one-year limitation of suit provision appearing in the insurance policy. The plaintiffs counter by alleging that the action of the insurer, Nationwide, led the insureds, Gary and Darlene Gray, to believe that

the contractual provision in the policy relating to the limitation period would not be strictly enforced.

The validity of the statutorily mandated limitation of suit provision appearing in the Nationwide policy here has been consistently upheld by the Pennsylvania appellate courts. See e.g. *General State Authority v. Planet Insurance Co.*, 464 Pa. 161, 346 A.2d 265 (1975); *Lardis v. Underwriters Insurance Co.*, 426 Pa. 47, 231 A.2d 740 (1967); See also Act of May 17, 1921, P.L. 682, §506, added August 23, 1961, P.L. 1081, §1, 40 P.S. §636. However, a limitation of suit provision will not be permitted to bar a delayed action where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced. See *General State Authority v. Planet Insurance Co.*, *supra;* see also, *Commonwealth v. Trans America Insurance Co.*, 462 Pa. 268, 341 A.2d 74 (1975). Also, there may be an express waiver of the limitation of suit provision in the insurance contract; and, where a waiver exists, it is no longer effectual and the general statutory limitation that pertains to contracts becomes applicable. See *O'Conner v. Allemannia Fire Insurance Co.*, 128 Pa. Super 336, 339-40, 194 A. 217, 218-19 (1937).

The expanded facts which relate to the issues raised by counsel reveal that by letter dated May 15, 1989, defendant Nationwide, through its district claims manager, notified the plaintiffs that Nationwide rejected the sworn statement proof of loss submitted by the plaintiffs. In explanation of its action, the defendant cited the plaintiffs' failure to reasonably submit themselves to examinations under oath. In an affidavit in opposition of motion for summary judgment, counsel for the plaintiffs stated the following:

"I notified Nationwide Insurance Co. on November 15, 1989, by letter, of my intent to represent the Grays

regarding their coverage under their homeowners policy.... Between 1989 and 1990, several conversations were held with Daniel E. Leone of Nationwide Insurance Co. On December 12, 1989, Mr. Leone forwarded a sworn statement in proof of loss and requested statements from the Grays. He indicated in his correspondence that he would notify my office as to when those statements would be taken. (See Exhibit no. 1). A sworn statement was not taken until September 24, 1992, subsequent to the filing of their lawsuit."

As a factual matter, the record reveals that the lawsuit was filed on January 17, 1992.

Here, there exists a triable issue of fact regarding the question of the waiver of the enforceability of the limitation of suit provision because the defendant proceeded to take the sworn statement of the plaintiffs following the filing of the lawsuit, which was clearly beyond the one-year limitation of suit provision appearing in the insurance contract.

## ORDER

For reasons which appear in the appended opinion, the motion for summary judgment filed on behalf of the defendant, Nationwide Insurance Co., is denied.