## Maguire, Appellant, *v.* Preferred Realty Co.

*Deeds—Delivery—Failure to acknowledge before notary—Valid-
ity—Fraud—Averments of fraud — Insufficient averments — Pre-
sumption—Ejectment—Demurrer.*

1. A deed does not necessarily have to be acknowledged before a
notary public to make it a valid instrument between parties. Exe-
cution and delivery are sufficient to pass the title.

2. Where a statement of claim contains no particular averment
of fraudulent purpose but the circumstances detailed are depended
upon as showing such to be the case, the facts relied upon must
not only be fully and unequivocally averred, but they must point
with some degree of certainty to the conclusion contended for; in
such case all intendments are to be taken most strongly against
the pleader for he is presumed to have stated all the facts involved
and to have done so as favorably to himself as his conscience would
permit. Fraud is never to be presumed.

3. Where a statement of claim in ejectment averred that plain-

tiff had conveyed the real estate in suit to defendant in consideration of an agreement by it to give plaintiff certain shares of stock, but that since such conveyance defendant had refused to deliver any of the stock to the plaintiff; and that the consideration for the conveyance had therefore failed; but where there were no allegations of fact indicating fraud when defendant secured the deed from the plaintiff, and where the statement did not charge the defendant with fraud in express terms, the lower court properly decided that ejectment was not the proper remedy, and a judgment for defendant on demurrer to the statement was affirmed on appeal but without prejudice to plaintiff's right to assert her claim in some other proceeding.

Argued Jan. 22, 1917. Appeal, No. 289, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1916, No. 232, on demurrer to plaintiff's statement of claim in case of Mary Maguire v. Preferred Realty Company. Before BROWN, C. J., POTTER, MOSCH-ZISKER, FRAZER and WALLING, JJ. Affirmed.

Ejectment for recovery of land situate in the City of Philadelphia. Before FERGUSON, J.

The facts appear by the opinion of the Supreme Court.

The lower court sustained the demurrer to plaintiff's statement of claim, and entered judgment for the defendant. Plaintiff appealed.

*Error assigned,* among others, was in sustaining demurrer to the statement of claim.

*Alex. Simpson, Jr.,* for appellant.—Plaintiff may rescind the contract of conveyance because of defendant's fraud and repudiation of the contract and refusal to pay the consideration: Delamater's Estate, 1 Wharton 362; DuBois Borough v. DuBois City Water Works Co., 176 Pa. 430; Smith v. Richards, 38 U. S. 26; Stephen & Wife's App., 87 Pa. 202; Mitchell v. DeRoche, 1 Yeates 12; Brown v. Devitt, 131 Pa. 455.

*Graham C. Woodward,* with him *Samuel F. Wheeler,*

for appellee.—Ejectment cannot be enforced by a grantor of real estate against a grantee to compel the furnishing of security for the payment of debts due the grantor: Megargel v. Saul, 3 Wharton 19.

Ejectment will not lie to enforce the performance of a verbal contract which is the consideration of the deed which conveyed the land to defendant: Galbraith et al. v. Black, 4 S. & R. 207; Kauffelt et al. v. Bower, 7 S. & R. 64; Myers v. Myers, 25 Pa. 100; Perry v. Scott, 51 Pa. 119; Adams v. Barrell, 26 Pa. Superior Ct. 641.

There was no sufficient averment of fraud in plaintiff's statement of claim.

OPINION BY MR. JUSTICE MOSCHZISKER, March 5, 1917:

This action was in ejectment; a declaration and abstract of title were filed, to which a demurrer was entered; the judgment favored defendant and plaintiff has appealed.

In the course of his opinion, Judge FERGUSON, of the court below, states the material facts thus: "The plaintiff avers that she signed a deed conveying the premises in question to the defendant [corporation], but that she did not acknowledge the deed in the presence of the notary public who certified that she had done so. She also avers that the deed was signed in the presence and at the request of Samuel F. Wheeler, 'who was her attorney,' and who the plaintiff believed was the sole manager and counsel and owner of all the capital stock of the defendant corporation; and that the consideration for the deed was a verbal agreement made by the defendant, through Wheeler, that all the defendant's corporate stock should be transferred and delivered to her as security for money due her for advances made to Wheeler and his wife and for money expended in connection with the sheriff's sale under which plaintiff obtained title. The declaration further sets out that the deed was recorded without plaintiff's knowledge or consent, and the defendant, through Wheeler, refused to surrender the stock

[and that "the consideration for said conveyance wholly failed"]."

After the foregoing review of the facts stated in the declaration demurred to, the opinion goes on to say: "It will be observed that the plaintiff. fails to aver anything with relation to the. delivery of the deed; in fact, a delivery is necessarily implied from the averment that there was a consideration which failed. The plaintiff nowhere alleges that she demanded a return of the deed. What she seeks is a delivery of the stock of the defendant corporation, to be held by her as security. It is also to be noted that the plaintiff does not aver that the defendant company, to whom she made the deed, held the stock or was in a position to deliver it as the consideration, but the stock is alleged to be owned by Wheeler, who refuses to deliver it. A deed does not necessarily have to be acknowledged before a notary public to make it a valid instrument between parties: Rigler v. Cloud, 14 Pa. 361; Cable v. Cable, 146 Pa. 451. Execution and delivery are sufficient to pass the title, and there is no averment in the declaration from which it could be inferred that the deed was not delivered."

Then, after citing several authorities, the court below determined that, on the face of the plaintiff's pleading, the suit was merely an effort to enforce "a verbal agreement, made by one not a party to the deed, that all the capital stock of the defendant company should be transferred and delivered to the plaintiff as security," which "agreement cannot be enforced by an action in ejectment."

The plaintiff contends that the learned court below misconceived the real purpose of her suit, and that the very form of the action—ejectment—shows it was to recover the land and not to gain the consideration; but, even looking at the case from that viewpoint, it is not at all apparent material error was committed in entering the judgment under review.

In her first declaration, the plaintiff simply averred:

"On January 17, 1916, plaintiff conveyed said premises to the Preferred Realty Company, the defendant, by deed of that date, recorded, etc......Said conveyance was made in consideration of an agreement by defendant, through its president, to give plaintiff stock of defendant in payment therefor; but, since said conveyance was made, defendant, through its president, has refused to give to plaintiff any of the stock of defendant...... Wherefore the consideration for said conveyance has wholly failed, etc." Subsequently an "amended declaration and abstract of title" were filed, containing the averments already outlined, and the appellant contends that these new averments are sufficient to show such a case of fraud as entirely to avoid plaintiff's deed of conveyance and leave the property in her as though that instrument had never been executed. If this were so, then it might be that the plaintiff could maintain ejectment; but, being on demurrer, the judgment must stand or fall upon a review of the declaration as written, and not on the facts of the case as they are contended to be in appellant's argument.

The original declaration contains no allegations of fact indicating fraud, and the averments in the amendment, while, perhaps, suggesting the possibility of some fraudulent purpose on the part of Mr. Wheeler, when he secured the deed from the plaintiff, do not so charge in terms. "Fraud is never to be presumed": Addleman v. Manufacturers' Light & Heat Co., 242 Pa. 587, 590. When there is no particular averment of a fraudulent purpose, but the circumstances detailed are depended upon as showing such to be the case, then the facts relied upon must not only be fully and unequivocally averred, but they must point with some degree of certainty to the conclusion contended for; and, in such cases, the intendments are taken most strongly against the pleader, for he is presumed to have stated all the facts involved, and to have done so as favorably to himself as his conscience

will permit: Baker v. Tustin, 245 Pa. 499, 501; Little v. Thropp, id., 539, 544.

Here, as already suggested, the facts detailed in plaintiff's declarations do not, with any degree of certainty, lead the mind to the conclusion that, if they should be proved, a jury would be justified in finding the deed, under which the defendant claims, to have been fraudulently obtained by it. We say this, for the averments of the declaration are vague and inconclusive in many material respects. In the first place, it is not averred that Mr. Wheeler was plaintiff's counsel or attorney at the time the deed was executed by her, or that he acted in such capacity in this particular transaction; next, there is no allegation that he was duly authorized to act on behalf of the defendant company in making the alleged verbal agreement with the plaintiff; and, finally, the averment that Wheeler was the owner of all the corporate stock of the defendant except a few shares, is too indefinite to substitute him in all respects for the latter, there being no allegation that he was the sole owner, in possession of the stock, or in control of the corporation, at the time of the occurrences complained of. The foregoing are only a few of many insufficiencies which, if necessary, might be pointed out; but they are enough to show the inadequacy of the declaration. We feel, however, the plaintiff should be placed in such position that the present judgment will not be taken as precluding her from properly asserting her alleged rights in some other action or proceeding where both the realty company and Mr. Wheeler are included as defendants.

The assignments of error are overruled, and the judgment is affirmed, without prejudice, as above indicated.