## Osborne v. Ball et al.

*Davis R. Hobbs*, for plaintiff.

*Frank Slattery Jr.*, and *John R. Morgan*, for defendants.

WEBB, P. J. (fourth judicial district, specially presiding), October 22, 1954.—This matter comes before us on preliminary objections to a complaint in equity.

Complainant avers that she was owner in fee of a valuable farm in Tunkhannock Township, Wyoming County, Pa., that in August 1951 she had expressed to one of the defendants, Elizabeth Ball, a desire to make a will and was advised by defendant to consult James S. Fields, Esq., of Tunkhannock, Pa.

In August 1951 together with the defendant, Elizabeth Ball, she called upon attorney James S. Fields and, in the presence of defendant, Elizabeth Ball,

said she desired to make a will in defendant's favor for the property and that Fields advised her not to make a will but to make a deed, and requested her to bring in her old deed to use in preparing a new one. Plaintiff brought to this attorney her deed and he prepared a new deed from plaintiff to defendants for the property, which was signed by plaintiff, which the attorney took with him alone in his office for the stated purpose of having a notary public sign the same.

The complaint continues with the averment that upon his return he handed the deed to plaintiff, who intended to keep, and not deliver the same. The attorney thereupon immediately suggested to plaintiff that she leave the deed with him for safekeeping in his safe, he representing to her that she might obtain it from him at any time or might change or alter it at any time. Plaintiff assented to this offer of the attorney to act as her agent in the safekeeping of the deed. Defendant, Elizabeth Ball, accompanied plaintiff to the office of the attorney on this second occasion also.

The complaint further avers that plaintiff, having exhausted her funds and intending to sell the property for her support and maintenance, requested the attorney Fields, on or about April 16, 1954, to redeliver the deed to her. The attorney then stated, after searching his office, that he could not find the deed and had placed it in the Citizens National Bank for safekeeping. On April 19, 1954, the attorney refused to deliver the deed, but on the contrary, recorded the same on April 23, 1954, in Wyoming County in deed book, vol. 134, at page 45, contrary to the agreement hereinabove recited. Defendant, Elizabeth Ball, was informed by plaintiff on April 16th of her failure to obtain the deed from her attorney and defendant Elizabeth Ball stated to plaintiff on or about April 17th that she would go to the office of the attorney

personally and obtain the deed and bring it directly to plaintiff, which she failed and neglected to do, but on the contrary, on or about April 19, 1954, advised plaintiff that defendant Stanley Ball had told defendant Elizabeth Ball that the deed was not hers and that she should mind her own business, and that she, defendant Elizabeth Ball further told plaintiff that that was what she was going to do.

The complaint included prayers that the deed be declared null and void and the recorder of deeds be directed to enter a notation of the court's decree to that effect on the margin of the record where the deed was recorded in his office, and further, that defendants be enjoined and restrained from encumbering, transferring, conveying, leasing or exercising any rights of ownership over said property or any portion thereof.

Preliminary objections in the nature of a demurrer were filed and a motion was made for judgment in favor of defendants on the ground that the complaint shows no cause of action.

We are of the opinion that the preliminary objections must be dismissed.

The crux of this case is whether or not there are sufficient averments that the deed in question had not actually been delivered, and therefore is null and void. It is a fundamental law of conveyancing that a deed, to be valid, must be signed, sealed and *delivered:* Lewis et al. v. Merryman et al., 271 Pa. 255.

"Delivery of a deed is a matter of intention to pass title. It may be accomplished by words alone, by acts, or by words and acts. To be sufficient in law it must be found grantor has parted with title." (syllabus)

We are of the opinion that there are sufficient averments in plaintiff's complaint to show that she

did not intend to deliver the deed in question or part with title. She went to the lawyer's office to make a will; she made a deed only upon his suggestion; she intended to keep the deed and not deliver the same; she left it with attorney Fields only upon his suggestion that she leave the deed with him *for safekeeping, in his safe*, representing to her that she might obtain it at any time, or might change it or alter it at any time; the attorney's refusal to turn back the deed to plaintiff at her request, and his recording the same after she had requested that it be turned back to her. All the averments tend to show that defendants did not get physical possession of the deed by any voluntary act of plaintiff, but on the contrary by the unauthorized or fraudulent acts of defendants and/or attorney Fields.

Counsel for defendants call our attention to Pa. R. C. P. 1019(b), which provides:

"Averment of fraud or mistake shall be averred with particularity."

They argue that there are no averments of fraud in the pleadings. It is true that the pleadings do not contain the specific statement that there was any fraud on the part of defendants or attorney Fields. As we have stated above, however, it does contain averments which, if proven, would establish fraud. We do not feel that the specific use of the word "fraud" is essential if the facts pleaded actually show that to be the case.

In the case of Maguire v. Preferred Realty Co., 257 Pa. 48, the court held:

"Where a statement of claim contains no particular averment of fraudulent purpose but the circumstances detailed are depended upon as showing such to be the case, the facts relied upon must not only be fully and unequivocally averred, but they must point with some degree of certainty to the conclusion contended

for; in such case all intendments are to be taken most strongly against the pleader for he is presumed to have stated all the facts involved and to have done so as favorably to himself as his conscience would permit. Fraud is never to be presumed." (syllabus)

We are of the opinion that plaintiff has pleaded a good cause of action.

And now, October 22, 1954, the preliminary objections are therefore dismissed with leave to answer sec. reg.