361 A.2d 375

**Hazel SATCHELL and Provident Building & Loan Assn., Appellants,**

v.

**INSURANCE PLACEMENT FACILITY OF PENNSYLVANIA.**

Superior Court of Pennsylvania.

June 28, 1976.

288

Joseph J. Carlin, Philadelphia, for appellants.

Paul N. Sandler, Philadelphia, for appellee.

Before WATKINS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in sustaining appellee's preliminary objections in the nature of a demurrer.

Appellee, Insurance Placement Facility of Pennsylvania, issued a standard fire insurance and extended

coverage policy to appellant, Hazel Satchell, the owner of a building located at 2301 Lehigh Avenue in Philadelphia. Appellant, Provident Building & Loan Association, held a first mortgage on the premises and was designated in the insurance policy as the loss payee. The effective dates of the policy were February 19, 1971, to February 19, 1972. In April, 1975, appellants filed a complaint in assumpsit, alleging that on December 7, 1971, "an automobile was driven through the east wall of plaintiff's property," which caused damage in the amount of $3,883.00. Appellants attached Policy Number 873549 to their complaint.

Appellee did not file an answer to the complaint. Instead, appellee filed preliminary objections in the nature of a demurrer, alleging that the policy attached to appellants' complaint was incomplete. Appellee alleged that appellants failed to include page two of the standard policy issued, and that lines 157–161 of that page provided: "No suit or actions in this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after the inception of the loss." Appellee attached a duplicate of the entire policy issued to appellants. Appellants did not respond to the preliminary objections and did not amend their complaint. They did, however, submit a brief to the lower court: the court sustained the preliminary objections on August 7, 1975, and dismissed the complaint.

Appellants' primary contention is that the contractual time limitation for commencement of suit cannot be raised at the preliminary objection stage. In support of their position, appellants make the following arguments: (1) contractual limitation of action must be pleaded as new matter pursuant to Rule 1030, Pa.R.C.P., because it is an affirmative defense; (2) even if appellee could file a demurrer, the preliminary objections actually filed were void as a "speaking demurrer"; (3) the prelimi-

nary objections should not have been sustained because appellants were precluded by local rules from filing an answer; and (4) the complaint was improperly dismissed as to the mortgagee, regardless of the propriety of dismissing the complaint as to the insured.

Appellants' first two arguments are interrelated. Whether appellee was precluded from raising the bar of the contractual time limitation at the demurrer stage depends upon whether the preliminary objections in the instant case constituted a "speaking demurrer." Preliminary objections in the nature of a demurrer pursuant to Rule 1017(b)(4), Pa.R.C.P., is merely an allegation by the defendant that the plaintiff's complaint has failed to state a cause of action upon which relief may be granted. Therefore, it is a "time honored principle that in passing on a demurrer a court cannot consider matters collateral to the pleading opposed but only such matters as arise out of the statement of claim or complaint itself . . . ." *Detweiler v. Hatfield Borough School District,* 376 Pa. 555, 558, 104 A.2d 110, 113 (1954). Further every allegation in the plaintiff's complaint must be accepted as true. See, e. g., *Borden v. Baldwin,* 444 Pa. 577, 281 A.2d 892 (1971); *Cantanese v. Scirica,* 437 Pa. 519, 263 A.2d 372 (1970). However, when the plaintiff bases his cause of action on a written agreement, the defendant may attach the agreement to the preliminary objections, and it may be referred to for purposes of deciding a demurrer. *Line Lexington Lumber & Millwork, Co., Inc. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 301 A.2d 684 (1973). See also *St. Peter's Roman Catholic Parish v. Urban Redevelopment Authority of Pittsburgh,* 394 Pa. 194, 146 A.2d 724 (1958); *Detweiler v. Hatfield Borough School District,* supra at 558–559, 104 A.2d at 113: "Since the plaintiffs averred the existence of these documents and relied on them to establish their claims, the defendants could properly annex the agreements to their demurrers for they were in every

sense of the term factual matters arising out of the complaints themselves. The instruments formed the very foundation of the suits and were properly considered by the court below in determining whether the plaintiffs alleged any facts justifying the equitable relief sought." Thus, decisional law compels the conclusion that appellee's demurrer was valid, and cannot be dismissed as a "speaking demurrer" merely because appellee annexed the portion of the policy omitted in the complaint.

Appellants contend, however, that the contractual limitation is an affirmative defense which must be pleaded by way of answer and new matter under Rule 1030, Pa.R.C.P. Appellee certainly could have proceeded in that manner, and then could have sought a judgment on the pleadings pursuant to Rule 1034, or a summary judgment pursuant to Rule 1035.[1] Instead, appellee chose to file preliminary objections in the nature of a demurrer. Under the circumstances of this case, appellee was not precluded from electing this option.

Had appellants attached the entire insurance policy to their complaint, the complaint, as presently drafted, would have defeated their own cause of action, because suit was obviously brought well in excess of the period allowed by the contract. In that situation, therefore, a demurrer would unquestionably be proper. Appellants desire a different result because appellee attached the relevant portion of the policy. As the case law makes clear, however, appellee had the right to attach the re-

---

1. Rule 1032, Pa.R.C.P., provides that "[a] party waives all defenses and objections which he does not present *either by* preliminary objection, answer *or* reply, except (1) that the defense of failure to state a claim upon which relief can be granted . . . may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, . . ." (Emphasis added). Had appellee in the instant case failed to file a demurrer, it would not have been precluded from asserting its motion at a later stage, because the failure to file a preliminary objection in the nature of a demurrer is not a waiver under the Rules.

mainder of the policy, and the portion attached by the defendant was properly considered by the court in passing upon the demurrer. The lower court, therefore, could examine the entire policy to determine if appellants failed to state a cause of action without considering any facts beyond those contained in the complaint and the policy attached to the preliminary objections. Under the circumstances of this case, therefore, the lower court did not err in passing upon the demurrer.

On the basis of the evidence before it, the lower court properly concluded that the appellants were not entitled to relief. The provision that "[n]o suit or action . . . for the recovery of any claim shall be sustainable . . . unless commenced within twelve months next after inception of the loss" is required by law. See, Act of May 17, 1921, P.L. 682, § 506 added August 23, 1961, P.L. 1081, § 1, 40 P.S. § 636. The validity of this clause has been upheld on numerous occasions. See, e. g., *The General State Authority v. Planet Insurance Company,* 464 Pa. 162, 346 A.2d 265 (1975); *Commonwealth v. Transamerica Insurance Co.,* 462 Pa. 280, 341 A.2d 74 (1975); *Lardas v. Underwriters Insurance Co.,* 426 Pa. 47, 231 A.2d 740 (1967). In the instant case, the pleadings compel the conclusion that appellants were in breach of the contract and, therefore, were not entitled to recovery.

Appellants contend, however, that the contractual period of limitations is waivable. This is certainly an accurate assertion: " . . . a provision of this nature may be extended or waived where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced. *Commonwealth v. Transamerica Insurance Company,* [supra]. See also *McMeekin v. Prudential Insurance Company of America,* 348 Pa. 568, 36 A.2d 430 (1944). Nor will such a provision be enforced where the insured's failure to comply

is induced by the actions of the insurer. *Arlotte v. National Liberty Insurance Company*, 312 Pa. 442, 167 A. 295 (1933)." *The General State Authority v. Planet Insurance Company*, supra at 165–166, n. 6, 346 A.2d at 267, n. 6. Appellants, however, have asserted no facts, either in the court below or in this Court, which would support an allegation that appellee waived or extended the contractual limitations period. Appellants seek to justify this omission in their pleadings, and thereby excuse their breach, by reference to the local Philadelphia rule which prohibits a plaintiff from filing an answer to a *demurrer*.[2]

Appellants' argument is superficially plausible, but it fails to take into account Rule 1028(c), Pa.R.C.P., which provides that "[a] party may file an amended pleading *as of course* within ten (10) days after service of a copy of preliminary objections." (Emphasis added). Appellants, therefore, had an absolute right to amend their complaint to include facts which would arguably support an averment that the time limitation had been waived or extended by appellee. Had appellants done so, the preliminary objections could not have been sustained, and the case would have required further proceedings, such as depositions followed by a motion for summary judgment, or court-ordered depositions pursuant to Rule 1028(c), followed by determination of the preliminary objections.[3] Appellants, however, elected not to amend. In similar circumstances, we have held

2. Appellants' brief cites Philadelphia Rule 1028*(1) as authority for this proposition. In fact, rule 1028*(1) is not concerned with the filing of responsive pleadings to demurrers. Nevertheless, appellants' assertion is correct, because rule 1017(a)*(1) provides: "An answer to a preliminary objection shall be filed only where the preliminary objection is a petition under subdivisions (1) or (5) of Rule 1017(b), and may not be filed where the preliminary objection is a demurrer or a motion under sub-divisions (2), (3) or (4) of that rule."

3. Rule 1028(c) also provides that "[t]he court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise."

that "[f]or purposes of appeal it will be assumed that they have pleaded as strong a case as they can. *Schwartz v. Manufacturer's Casualty Insurance Co.*, 335 Pa. 130, 6 A.2d 299 (1939); *Maguire v. Preferred Realty Co.*, 257 Pa. 48, 101 A. 100 (1917)." *Christiansen v. Philcent Corporation*, 226 Pa.Super. 157, 161, 313 A.2d 249, 250 (1973). The record before the lower court consisted of a complaint and preliminary objections which indicated an obvious breach of contract on the part of appellants, but which was totally devoid of any allegation that the breach was justified. Because appellants failed to amend their complaint to deny either the existence or the applicability of the contractual limitations period, in effect they admitted both. Therefore, the record did not evidence any disputed issues which required further proceedings.[4]

4. This factor distinguishes the instant case from our recent decision in *Eberhart v. Nationwide Insurance Company*, —— Pa.Super. ——, —— A.2d —— (filed March 29, 1976), which is factually very similar. In *Eberhart* the plaintiff filed a complaint in assumpsit to recover medical expenses on a policy issued by the defendant. The plaintiff attached only a portion of the policy. In its answer, the defendant denied liability for medical expenses, and averred that the plaintiff attached only "a standard printed form covering contract provisions for all coverages offered by the Defendant while specific coverage of the particular contract with the insured are [sic] set out in the declarations and made a part of the contract with the insured and which Plaintiff has omitted. The said declarations as well as a complete copy of the policy is attached hereto . . ." —— Pa.Super. at ——, —— A.2d at ——.

When examined in its entirety, the policy did not provide the coverage sought by plaintiff. Nevertheless, we were compelled to reverse the lower court's grant of judgment on the pleadings to defendant, because the pleadings contained a factual dispute: was the policy attached to defendant's answer in fact the policy issued to plaintiff. Because all factual issues must be resolved in favor of the non-moving party, we held that the record precluded the entry of a judgment on the pleadings.

The factual issue remained in *Eberhart* because the plaintiff was in the procedural position of being unable to respond to the allegations in the answer. For example, had the defendant filed new matter, the plaintiff would be entitled to file a responsive pleading. Similarly, had the defendant filed preliminary objections in the nature of a demurrer, the plaintiff would have

Finally, appellant-mortgagee contends that it is not subject to the time limitation which is applicable to the owner-insured, because the mortgage clause provides that " . . . this insurance, as to the interest of the mortgage . . . shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property . . ." Appellant properly asserts "that a standard mortgagee clause in a fire insurance policy creates a separate, distinct and independent contract of insurance in favor of mortgagee." *Guarantee Trust and Safe Deposit Co. v. Home Mutual Fire Insurance Co.*, 180 Pa.Super. 1, 4, 117 A.2d 824, 825 (1955). This does not mean, however, that the mortgagee is free to ignore the time limitations contained in the policy. All it means is that the mortgagee's insurable interest is not the same as the owner's. As stated in *Guarantee Trust and Safe Deposit Co. v. Home Mutual Fire Insurance Co.*, supra at 5, 117 A.2d at 826, "[e]ither the owners or the mortgagee could have brought suit to recover *for the loss occasioned by the fire.* However, in bringing any action on the policy for indemnification of loss both the owners and the mortgagee were bound by the express contractual limitation contained therein which requires that any suit or action *on the policy* must be commenced within twelve months next after the fire." (Emphasis in original). The mortgage clause cited by appellant means that "the mortgagor owner, by act or failure to act, could not nullify or decrease the amount of protection which the policies afforded [the mortgagee]." *Abbottsford Building & Loan Ass'n v. William Penn Fire Insurance Co.*, 130 Pa.Super. 422, 426, 197 A. 504 (1938). If the insurance company pays damages to the insured in violation of a mortgagee clause, as oc-

had an absolute right to amend. Failure to do either would constitute an admission. Thus, although the cases are so similar, the pleading strategy employed by the defendant in *Eberhart* precluded a judgment on the pleadings, while appellee's strategy in the instant case supports a judgment in its favor.

curred in *Guarantee Trust and Safe Deposit Co. v. Home Mutual Fire Insurance Co.*, supra, the twelve month limitations period is not applicable. In the instant case, however, the mortgagee filed suit at the same time as the insured, more than two and one-half years after the expiration of the contractual limitations period, and sought recovery for the property damage. The demurrer, therefore, was properly sustained as to the mortgagee as well as to the owner-insured.

Order affirmed.

WATKINS, President Judge, concurs in the result.