## Cardoni v. Nationwide Mutual Ins. Co.

*Robert Cecchini*, for plaintiffs.
*Michael J. Donohue*, for defendant.

COTTONE, *J.*, January 13, 1989 — This matter comes by way of defendant's preliminary objections to plaintiffs' complaint.

Defendant is the insurer under a standard fire insurance policy issued to plaintiff-insureds. Plaintiffs filed the complaint against defendant, alleging that defendant has repeatedly failed to honor claims submitted by plaintiffs for several acts of vandalism to their property, in violation of the terms of the policy.

According to counts I and II of the complaint, certain of the alleged incidents of vandalism occurred at the insured premises beginning July 13, 1986. Plaintiffs' claim for damages includes the cost of repairing the premises as well as the cost of hiring a general contractor on December 15, 1986, April 10, 1987, and October 20, 1988, to board the windows and doors of the premises, to prevent further acts of vandalism.

Defendant's first preliminary objection to counts I and II of the complaint is in the nature of a demurrer. Defendant argues that, since this action was not commenced until July 11, 1988, the above-mentioned claims in counts I and II of the complaint are time-barred by the one-year limitations period set forth in the insurance policy. Specifically, the policy provides:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within 12 months next after inception of the loss."

Defendant argues that the cases of *Schreiber v. Pennsylvania Lumberman's Mutual Insurance Company*, 498 Pa. 21, 444 A.2d 647 (1982), and *Satchell v. Insurance Placement Facility of Pennsylvania*, 241 Pa. Super. 287, 361 A.2d 375 (1976), militate in favor of enforcing the one-year contractual limitations period.[1]

In *Schreiber, supra,* the Supreme Court upheld the one-year limitation provision contained in the fire insurance policy to bar an action instituted more than two years after the alleged loss. In that case, the insured argued to the lower court on a motion for reconsideration of a judgment on the pleadings entered in favor of the company that the one-year limitation provision cannot bar suit on the policy absent a showing of prejudice to the insurance company. The lower court rejected this argument and again entered judgment on the pleadings in favor of the insurance company. In upholding the judgment, the Supreme Court determined that a finding of prejudice to the insurer is the improper standard when determining whether to enforce a limitation of suit provision. Instead, the court explained that such a provision may be extended or waived where "the actions of the insurer led the insured to believe the contractual limitation period will not be enforced." *Id.* at 25, 444 A.2d at 649, citing *General State Authority v. Planet Insurance Co.,* 464 Pa. 162, 165, 346 A.2d 265, 267, (1975). The insureds there failed to meet that standard:

"Here, however, despite ample opportunity to do so, appellants have at no time alleged that any

1. The one-year limitations period is also statutory by the Act of May 17, 1921, P.L. 682, §506, added August 23, 1961, P.L. 1081, §1, as amended, P.S. 636, which requires inclusion of the above clause in all fire and casualty policies written in Pennsylvania.

conduct of appellee, either active or passive, was in any way responsible for appellants' delay of over two years in commencing their action on the policy." *Id.* at 25, 444 A.2d at 649.

Likewise, in *Satchell, supra,* the appellant-insured did not plead any facts to support a finding that the appellee-insurer waived or extended the 12-month contractual limitations period contained in the policy. Additionally, appellants failed to amend the complaint, allowable, as a matter of course, within 10 days after service of the preliminary objections, in order to add averments justifying appellants' insureds' breach of the 12-month provision.[2] Therefore, the court granted the preliminary objection to the complaint, reasoning as follows:

"Because appellants failed to amend their complaint to deny either the existence or the applicability of the contractual limitations period, in effect they admitted both." *Id.* at 296, 361 A.2d at 379.

We find the above decisions distinguishable from the present case. Here, plaintiffs aver in count I of the complaint that acts of vandalism have been occurring beginning July 13, 1986, through October 10, 1986. In addition, plaintiffs aver that they were required to employ a general contractor on December 15, 1986, April 10, 1987, and October 20, 1988, to board the windows and doors of the premises to prevent further acts of vandalism. In paragraph 13, plaintiffs aver as follows:

"(13) Immediately after the vandalism and continuing thereafter the plaintiffs have given notice to the defendant by and through their respective agents of the aforementioned vandalism and *have continued to notify the defendant of the damages which*

---

2. Pa.R.C.P. 1028(c).

*resulted from the initial date aforesaid up to and including the present time.*" (emphasis supplied)

Plaintiffs further aver that defendant has not reimbursed plaintiffs for the losses sustained.

By these averments, we find that plaintiffs have pled sufficient facts to indicate a continuing communication between plaintiffs and defendant which, from plaintiffs' perspective, has never reached a final resolution. The pleadings in count I at least suggest that the defendant-insurance company has not definitely approved or denied the claims of plaintiffs, but, rather, kept plaintiffs, who are not lawyers, in the dark with regard to their claims. In this instance, we cannot impose the 12-month provision especially in light of the adhesionary nature of this type of transaction. It is obvious to us that plaintiffs had no idea that their rights under the policy would expire in 12 months. Indeed, plaintiffs were doing everything they felt necessary under the policy to seek reimbursement for the loss. This is not the case where a claimant has simply notified the insurer of the loss and has done nothing for two years.

Further, in count II of the complaint, plaintiffs allege that they have incurred additional losses as a result of vandalism since October 10, 1986. In paragraph 17, plaintiffs allege as follows:

"(17) Thereafter, from the period from October 10, 1986, up to the present, the premises, although secured by the plaintiffs on a number of occasions to protect it from further vandalism, has been vandalized and has resulted in additional damages *since October 10, 1986, up to the present* in the approximate amount of $21,500." (emphasis supplied)

Plaintiffs go on to state in paragraph 20 that "[d]efendant has continued to refuse payment and has violated the provisions of the policy of insurance. . . . "

First, the above language does not exclude the

possibility that certain losses may have been incurred within the 12 months preceding the initiation of this lawsuit on July 11, 1988.

Second, it is unclear in the above language whether defendant formally denied payment by written notice or whether defendant orally refused payment and when such refusal was made. This distinction is especially important when deciding whether a limitation of suit provision in a contract is effective to bar an action. If such an issue was resolved by simply computing the time period that has expired since the date of the alleged loss, the insurance company could conceivably sit idly by while the limitations period has run and then deny the claim. While it does not appear that this is what happened here, it is our opinion that plaintiffs have pled sufficient facts in counts I and II to suggest a waiver of the 12-month period either by defendant's inaction or by defendant's failing to definitively apprise plaintiffs of the status of their claims.

In *Baker v. Pa. National Mutual Casualty Insurance Co.*, 370 Pa. Super. 461, 536 A.2d 1357 (1987), the court determined that the issue of waiver of the 12-month provision by the insurer was a jury question. In examining the law with respect to waiver, the court stated as follows:

"'[T]here is a long line of cases which hold that the waiver need not be express. *It may be inferred from the acts of the insurers evidencing a recognition of liability,* or even from their denial of obligation exclusively for other reasons.' *Bonnert v. Pennsylvania Insurance Company,* 129 Pa. 558, 18 Atl. 552, 15 Am.St.Rep. 739 [(1889)]. 'Prima facie, the insured is entitled to have his loss made good immediately upon its happening, and when that loss appears to be an honest one, we are not disposed to scan very strictly the evidence which

tends to rebut a technical forfeiture of the right to payment.' *Pennsylvania Fire Insurance Company v. Dougherty,* 102 Pa. 568, 572. *McMeekin v. Prudential Insurance Co.,* 348 Pa. [568,] 572-3, 36 A.2d [430,] 432 [(1944).] See 19 P.L.E. *Insurance* §421." *Baker* at 464, 536 A.2d at 1358.

Additionally, *Baker, supra,* examined the issue of timeliness with respect to the initiation of suit. The court there was guided by our Supreme Court's reasoning in *Commonwealth v. Transamerica Insurance Co.,* 462 Pa. 268, 341 A.2d 74 (1975) in which the court held that the suit was timely filed despite the expiration of the three-year period provided in the policy.

"The portrayal of a bona fide investigation by [Transamerica] during the course of which it failed to suggest any grounds upon which it might deny liability, and the withholding of the decision to reject the claim, particularly where there was ample grounds to believe that if the parties were in fact acting in good faith liability would be eventually acknowledged, supply a basis for finding that the company by its actions had lulled the insured into neglecting the institution of suit within the required time. . . . Although there was no expressed waiver of time limitation or a definitive acknowledgment of liability by the insured we are satisfied that this record presents a classic example where an insured could reasonably conclude from the course of the negotiations that if there was to be a denial of liability if would have been 'exclusively for other reasons.'" *Baker* at 465-6, 536 A.2d at 1359, citing *Transamerica, supra* at 277-8, 341 A.2d at 788-9, quoting *McKeekin v. Prudential Insurance Co.,* 348 Pa. 568, 36 A.2d 430 (1944).

Therefore, at this time we will permit this action

to go forward and will deny defendant's demurrer to counts I and II of the complaint.

Defendant next argues with respect to count III of the complaint that plaintiffs are barred from asserting a tort claim seeking punitive damages for defendant's refusal to settle or pay their claim.

Specifically, in support of their claim for punitive damages, plaintiffs state as follows:

"(26) Since September 1986, defendant has failed and refused to properly evaluate the damages at the premises and failed and refused to determine the full extent of damages which occurred up to and including October 19, 1986, as aleged herein, as well as refused to review and/or estimate any subsequent damages based on claims submitted thereto.

"(27) The conduct of defendant by and through their agents, servants, workmen and/or employees in their continued delay in evaluating the claim and/or refusal to accept the claim and/or refusal to accept additional claims for over a year and in their failure to negotiate in good faith was unreasonable, outrageous, and a capricious disregard of the rights and interests of plaintiffs."

The law is well-settled that punitive damages cannot be recovered merely for breach of contract. *Baker, supra.* Our Supreme Court in *D'Ambrosio* v. *Pennsylvania National Mutual Casualty Insurance Company,* 494 Pa. 501, 431 A.2d 966 (1981), when faced with a claim for emotional distress against an insurance company, found that the Unfair Insurance Practices Act, 40 P.S. 1171.1 et seq., provides the remedy for bad faith conduct and cannot be supplemented by a judicially created cause of action. Specifically, the court stated:

"Our conclusion that the Unfair Insurance Practices Act serves adequately to deter bad faith con-

duct applies not only to appellant's attempt to recover punitive damages but also to his attempt to recover damages for 'emotional distress.' An award of punitive damages unquestionably is a deterrent device, see Restatement (Second) of Torts §908 (1965); Restatement (Second) of Contracts §369 (rent. Draft no. 14, March 1, 1979); one which is unnecessary in view of the present legislatively-created regulatory scheme. And in the vast majority of cases an award of emotional distress damages would accomplish no more than is already accomplished by the Unfair Insurance Practices Act." *Id.* at 508, 431 A.2d at 970.

*D'Ambrosio* is still good law today. Therefore, we must grant defendant's preliminary objection to count III of the complaint because, as yet, Pennsylvania does not recognize a claim for punitive damages based on a contract claim by an insured against an insurer.

### ORDER

And now, January 13, 1989, based on the reasons stated in the foregoing opinion it is hereby ordered that defendant's preliminary objection to counts I and II of the complaint is denied; defendant's preliminary objection to count III of the complaint is granted and the said count III is dismissed.