J-A03018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY D. SERVIN, ESQUIRE AND OSAGE CORP., D/B/A FIRST CITY COMMUNICATIONS, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 1543 EDA 2017 |
| DUANE MORRIS LLP | : | |

Appeal from the Order Entered April 18, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  December Term, 2016 No. 002825

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED MARCH 13, 2018**

Jeffrey D. Servin, Esquire, and Osage Corp., d/b/a First City Communications, Inc. ("FCC") (together "Appellants") appeal from the order sustaining Duane Morris's Preliminary Objections and dismissing the claims asserted in the Amended Complaint. We affirm.

Appellants asserted legal malpractice and misrepresentation claims against Duane Morris based on Duane Morris's representation of FCC and Leonard Berwick, who is not a party to the present litigation, in an appeal to the United States Court of Appeals for the Second Circuit. Servin and Berwick are shareholders of FCC. The appeal was from an order dismissing tort claims filed in the United States District Court for the Southern District of New York.

_____

* Retired Senior Judge assigned to the Superior Court.

In the underlying federal litigation, Berwick and Servin alleged that they, through FCC, had a business arrangement with Jamaica Fibre Optic Cable Co. Ltd. ("JFOC") that gave them rights to a government fiber optics license in Jamaica. *See* Preliminary Objections, filed 1/27/17, at Ex. 3, Op. and Order, No. 06 Civ. 2641, at 1 (S.D.N.Y. filed 3/28/07) ("District Ct. Op.").[1] They then attempted to acquire, through FCC, a company that owned a fiber optic ring connecting to locations in the Caribbean ("New World"). *Id.* When they sought financing to purchase New World, however, a competing bidder for New World, Columbus Communications, Ltd. ("Columbus"), allegedly made mis-representations about JFOC's fiber optics rights in Jamaica that ultimately resulted in the failure of their attempt to purchase New World. *Id.* Berwick, Servin, and FCC then brought the federal suit against Columbus and other defendants, claiming interference with prospective contractual relations and other torts. *Id.*

The federal district court dismissed the suit for lack of standing. The court explained that the plaintiffs' claims were based on "alleged tortious statements [that] reflected on the validity of JFOC's license to conduct fiber optics business in Jamaica." District Ct. Op. at 19-21. The district court found the license was owned by JFOC and "the alleged 'joint enterprise' between the plaintiffs and JFOC—or JFOC itself if it was held as a partnership—was the only entity with standing to bring" the suit. *Id.* at 21. The district court also found,

---

[1] ***Servin v. New World Network Int'l, Ltd.***, No. 06 Civ. 2641, 2007 WL 949767, at *1 (S.D.N.Y. Mar. 28, 2007).

in the alternative, that it lacked jurisdiction over Columbus and that the plaintiffs failed to state claims on which relief could be granted. *Id.* at 21-44.

The plaintiffs in the federal litigation filed an appeal to the Second Circuit. Duane Morris agreed to represent Berwick and FCC on appeal and entered its appearance. Servin represented himself. Servin filed a brief with the Second Circuit, which included arguments that the plaintiffs in the federal litigation had standing and that the interference with prospective contractual relations claim had merit. Preliminary Obj., at Ex.4, Brief of Appellant at 24-29, 34-35, No. 15-1630 (2d Cir. filed 9/9/2015) ("Servin Second Circuit Br."). Duane Morris did not file a brief on behalf of Berwick and FCC, and the Second Circuit dismissed their appeals for failure to file a brief. Regarding Servin's appeal, the Second Circuit affirmed the trial court's order, stating it had "considered all of Servin's arguments and f[ound] them to be without merit." Preliminary Obj., filed 1/27/17, at Ex. 5, Order, No. 15-1630 (2d Cir. filed Apr. 26 2016). It affirmed "for substantially the reasons stated in the [d]istrict [c]ourt's thorough and comprehensive opinion." *Id.*

Appellants then filed the instant action against Duane Morris and filed a Complaint and Amended Complaint. In the Amended Complaint, Appellants alleged that "[a]fter performing its due diligence and carefully evaluating the merit of the underlying case/appeal," Duane Morris agreed to represent Berwick and FCC and would file a brief on their behalf, and that Servin would file a separate brief. Amended Complaint, filed 2/16/17, at ¶¶ 19, 28. Appellants averred that during an "early to mid-August 2015 meeting, [Duane

3

Morris] for the first time made comments that Servin, Berwick and FCC never closed on the initial Jamaica deal, and that they were therefore concerned about the validity of" the claim. *Id.* at ¶ 36. Duane Morris informed Servin they were considering not filing a brief in the Second Circuit, *id.* at ¶ 37, and Servin responded that they had an obligation to do so and "I assume that you will file a timely brief." *Id.* at ¶ 39. Servin received a "panicked phone call" from Duane Morris the day before the brief was due "requesting Servin's permission to not file an appellate brief." *Id.* at ¶ 41. Servin refused; nonetheless, Duane Morris did not file a brief. *Id.* at ¶¶ 42, 50. Appellants also claimed that Duane Morris stated it would seek an extension of time to file a brief, but failed to do so. *Id.* at ¶¶ 130-131. Appellants alleged that as a direct consequence of Duane Morris's failure to file a brief, the Second Circuit dismissed FCC's and Berwick's appeals, and that "[w]ithout FCC's claims, the [Second Circuit] did not evaluate the merits of Servin's claims." *Id.* at ¶ 75-76.

Appellants asserted legal malpractice claims, based on tort and contract theories, and misrepresentation claims based on Duane Morris's alleged representations that it would file an appellate brief and would request an extension of time to do so. Duane Morris filed Preliminary Objections asserting, among other things, that the claims were legally insufficient because Appellants could not establish the "case within a case" element of the legal malpractice claims and could not establish the causation and damages elements of the misrepresentation claims. On April 18, 2017, the trial court

sustained the Preliminary Objections, and dismissed the claims asserted in the Amended Complaint with prejudice for failure to state a claim upon which relief could be granted.

In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court explained that "[a]s a matter of law, [Appellants] would never have prevailed on appeal in the [federal litigation], no matter how many briefs Duane Morris filed, because they lacked, and continue to lack, standing to assert the claims they raised in the [federal litigation]." Trial Court Opinion, filed Aug. 23, 2017, at 5 ("1925(a) Op."). The trial court noted that to establish a legal malpractice claim, a plaintiff must prove he or she had a viable underlying cause of action. Because Appellants would not be able to establish they could have obtained a judgment in the federal litigation, they could not establish a legally compensable injury to support the malpractice claims. *Id.* at 5-6. Further, the trial court found Appellant's misrepresentation claims fail because they are unable to show they were damaged by any alleged false statement. *Id.* at 6.

Servin raises the following issues on appeal:

> 1) Since JFOC was acquired and owned by FCC in 2004, it must be assumed as true that FCC was the proper corporate Plaintiff, who had standing in the underlying NY District Court case and that JFOC was not a needed party and [Duane Morris] was aware of this when they took the case for FCC 8 months before they refused to file a Brief.
>
> 2) Do [Appellants'] averments in the amended complaint, if proven, support the causes of action averred in the amended complaint?

5

3) Did an implied third party benefit attorney–client relationship form between [Duane Morris] and Servin as averred in Counts I and II of the amended complaint?

4) Was Servin as a 50% owner of [Duane Morris's] undisputed client FCC an intended beneficiary of the agreement between FCC and [Duane Morris]?

5) Have [Appellants] sufficiently alleged claims for misrepresentation when [Duane Morris] represented it would be filing an opposition and when [Duane Morris] represented it had requested an extension of time to file its appellate brief?

6) Would the outcome of FCC and Servin's appeal been different had an appellate brief been filed on behalf of Berwick and FCC?

Appellants' Br. at 4. Although stated as six issues, Appellants essentially claim that the trial court erred in dismissing their legal malpractice and misrepresentation claims and that Servin was either an intended beneficiary or third-party beneficiary to Duane Morris's attorney-client relationship with Berwick and FCC.

We apply the following standard of review to a trial court order sustaining preliminary objections:

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free

6

> from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Joyce v. Erie Ins. Exch.,* 74 A.3d 157, 162 (Pa.Super. 2013) (citation omitted).

Although a court on preliminary objections to a complaint must as a general rule accept as true facts alleged in the complaint, that general rule has an exception. Where a plaintiff avers the existence of a document and relies on it to establish a claim, a defendant may attach the document to its preliminary objections and the court may consider it in ruling on the preliminary objections. *Detweiler v. Sch. Dist. of Borough of Hatfield*, 104 A.2d 110, 113 (Pa. 1954); *Regal Indus. Corp. v. Crum and Forster, Inc.*, 890 A.2d 395, 398-99 (Pa.Super. 2005) (defendant properly attached documents referenced in complaint to preliminary objections).[2] Here, in the Amended Complaint, Appellants referenced the federal litigation filings, including the district court opinion, the Second Circuit opinion, and Servin's brief. Therefore, Duane Morris properly attached them to its Preliminary Objections and the trial court properly relied on them.

_____

[2] *See also Satchell v. Ins. Placement Facility of Pa.*, 361 A.2d 375, 377 (Pa.Super. 1976) (noting when plaintiff bases cause of action on a written agreement, defendant may attach agreement to preliminary objections and court may refer to it); *cf. Jenkins v. County of Schuylkill*, 658 A.2d 380, 383 (Pa.Super. 1995) (stating court need not accept as true allegations that conflict with exhibits attached to complaint).

Appellants maintain that because FCC's appeal was dismissed for failure to file a brief, the Second Circuit "was unable to fully address the merits of [Servin's] appeal and unable to address the merits of FCC's appeal." Appellants' Br. at 6. They argue the plaintiffs in the federal litigation had standing to assert the claims alleged in the federal litigation.[3]

To succeed on a legal malpractice claim, a plaintiff must prove the following elements: "1. The employment of the attorney or other basis for duty; 2. The failure of the attorney to exercise ordinary skill and knowledge; and 3. That such negligence was the proximate cause of damage to the plaintiff." *Heldring v. Lundy Beldecos & Milby, P.C.*, 151 A.3d 634, 641 (Pa.Super. 2016). "An essential element to this cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm." *Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998). Accordingly, "collectability of damages in the underlying action" must be part of the analysis. *Id.* As the Pennsylvania Supreme Court explained:

> A legal malpractice action is different because . . . a plaintiff must prove a case within a case since he must initially establish by a preponderance of the evidence that he would have recovered a judgment in the underlying action . . . . It is only after the plaintiff proves he would have recovered a

___

[3] Appellants claim they were relying on Duane Morris to address the interference with prospective contractual relations claim, which, they allege, Servin did not address in his brief because it was only viable as to FCC. Contrary to Appellants' suggestion, Servin's brief to the Second Circuit in fact addressed the interference with prospective contractual relations claim. Servin's Second Cir. Br. at 34-35.

8

> judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action and that negligence was the proximate cause of the plaintiff's loss since it prevented the plaintiff from being properly compensated for his loss.

*Id.* at 1030 (footnote omitted).

The district court concluded Servin, Berwick, and FCC lacked standing to raise the claims asserted in the federal litigation. After considering Servin's brief and oral argument, including his claim that the plaintiffs in the federal litigation had standing, the Second Circuit affirmed the district court's order for the reasons included in the district court opinion. Those reasons included that only JFOC, or a joint venture with JFOC, would have standing to assert the claims, which alleged the defendants made tortious statements regarding a licensed owned by JFOC. Such reasoning would preclude any claim FCC had against the defendants in the federal litigation. Accordingly, the Second Circuit considered and rejected Appellants' claim that the plaintiffs in the federal litigation had standing to assert the claims raised therein.

Because Appellants lacked standing to assert the claims in the federal litigation, they are unable to establish they would have succeeded on appeal of the federal litigation, and, therefore, cannot establish their legal malpractice claims. We conclude that the trial court did not err in sustaining Duane Morris's

9

Preliminary Objections to the legal malpractice claims for failure to state a claim.[4]

Appellants also argue the trial court erred in dismissing the misrepresentation claims, which were based on Duane Morris's representations that it would file a brief and that it asked the defendants in the federal litigation for an extension of time to file an appellate brief. Appellants argue they justifiably relied on these misrepresentations and if Duane Morris had not made the misrepresentations, Servin would have represented FCC. They further claim they were harmed by the misrepresentations because they would have prevailed in the Second Circuit had FCC filed a brief.

To establish a negligent misrepresentation claim, a plaintiff must prove: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." ***Bortz v. Noon***, 729 A.2d 555, 561 (Pa. 1999).

---

[4] In addition to finding the plaintiffs lacked standing, the district court found, in the alternative, that it lacked jurisdiction over Columbus and that all claims lacked merit. Appellants maintain that the district court erred in concluding it lacked jurisdiction over Columbus; finding that New York law should apply to the claims; and concluding that Columbus' claim to have an exclusive license was not defamatory. The Second Circuit affirmed the district court order after considering Servin's arguments, which also raised these issues. Appellants cannot re-litigate the claims here.

The trial court determined that the Amended Complaint failed to plead facts to support a conclusion that Appellants were injured because of any justifiable reliance on a representation made by Duane Morris. 1925(a) Op. at 6-7. The court reasoned that no legally cognizable injury occurred because they could not establish they would have prevailed in the federal litigation. ***Id.*** We agree and conclude the trial court did not err in finding Servin and FCC failed to state a misrepresentation claim upon which relief could be granted.

Because Appellants' claims failed on other grounds, we need not address Servin's claim that he was an intended or third-party beneficiary.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/18

11